UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| HENRY BRANDON, | ) | |
| | ) | |
| Plaintiff(s), | ) | 2:13-cv-01969-RCJ-NJK |
| | ) | |
| vs. | ) | |
| | ) | |
| MAJESTIC BEHAVIORAL HEALTH, | ) | **O R D E R** |
| | ) | |
| Defendant(s). | ) | |

Before the Court is Plaintiff Henry Brandon's Motion to Request 30 Day Extension for Medical Emergency (Docket No. 16), and Motion to Ask if Defendants are Arguing Proof of Service (Docket No. 17).

Plaintiff's Motion to Request 30 Day Extension for Medical Emergency (Docket No. 16) seeks a 30 day extension for a medical emergency; however, Plaintiff does not indicate which deadline he seeks to extend. Thus, the Court cannot determine whether an extension is appropriate. Accordingly, Plaintiff's Motion to Request 30 Day Extension for Medical Emergency (Docket No. 16) is denied without prejudice.

Plaintiff's Motion to Ask if Defendants are Arguing Proof of Service (Docket No. 17) appears to be a discovery-based motion. Plaintiff requests a copy of at least one telephone conversation. Discovery, however, has not yet commenced in this action and, therefore, Plaintiff has not made a proper discovery request. Additionally, Plaintiff failed to provide any points or authorities. Under LR 7-2, "[t]he failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion." Accordingly, Plaintiff's Motion to Ask if Defendants are Arguing Proof of Service (Docket No. 17) is denied.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Request 30 Day Extension for Medical Emergency (Docket No. 16) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion to Ask if Defendants are Arguing Proof of Service (Docket No. 17) is DENIED.

DATED this __26th__ day of December, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge