**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| HENRY BRANDON, | ) | |
| | ) | |
| Plaintiff, | ) | 2:13-cv-01969-RCJ-NJK |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| MAJESTIC BEHAVIORAL HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This case arises out of a dispute over the quality of mental health services. Defendant Majestic Behavioral Health has moved to dismiss for lack of subject-matter jurisdiction, (ECF No. 9), and Pro se Plaintiff Henry Brandon has filed various nondispositive motions, (ECF Nos. 5, 8, 15, 20, and 22). For the reasons stated herein, the motion to dismiss is granted, and the remaining motions are denied as moot.

## I. BACKGROUND

Pro se Plaintiff Henry Brandon's complaint is difficult to follow, but to the extent it can be understood, it alleges the following: Brandon is a resident of Las Vegas, Nevada. (Compl., ECF No. 1, at 1:1–4).[1] Defendant Majestic Behavioral Health, LLC ("Majestic") is a Nevada Limited Liability Company, and its two members are Nevada citizens. (*See id.* at 3:64–65 (alleging that "each doe defendant," which appears to include the two members of Majestic

---

[1] The complaint's paragraphs are neither numbered nor "limited as far as practicable to a single set of circumstances" as required by Fed. R. Civ. P. 10(b). Instead, each line is continuously numbered. Accordingly, the Court will refer to the complaint by page and line number.

Behavioral Health, "lives in the state of Nevada or is licensed to practice in the state of Nevada"); *see also* Montgomery Decl., ECF No. 9, at 9).[2]

The substantive portion of the complaint begins with an assertion that Majestic committed some kind of "medical negligence" while providing Brandon with mental health services. (Compl., ECF No. 1, at 3:64–85).[3] Brandon appears to rely on NRS 641, which governs the licensure and conduct of psychologists and certain other mental health professionals, as the legal basis for his claim. (*Id.* at 1:33–26). There is also some discussion of Title II of the Americans With Disabilities Act, 42 U.S.C. §§ 12131–12165, which, as Brandon acknowledges, applies only against state and local governments. (*Id.* at 2:30–57).[4]

The remainder of the complaint consists of a narrative describing improper supervision, (*see, e.g.*, *id.* at 5:150, 31:1302), negligence, (*see, e.g.*, *id.* at 4:102, 5:151, 9:349), medical malpractice, (*see, e.g.*, *id.* at 9:346–49), a state criminal action against Brandon, (*see generally id.* at 39), and a subpoena for medical records related to the criminal proceeding, (*id.* at 9:316–

---

[2] When considering a motion to dismiss pursuant to Rule 12(b)(1), the Court may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction; the Court is not restricted to the face of the pleadings. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), citing *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised . . . the court may inquire by affidavits or otherwise, into the facts as they exist."); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983)

[3] Majestic contends that Brandon has sued the wrong party. Specifically, it asserts that it neither provided any services to Brandon nor had any other kind of relationship with him. According to Majestic, it merely refused to provide the services Brandon sought. (Mot. Dismiss., ECF No. 9, at 1 n.1).

[4] Brandon also hints at an unspecified due process violation, (*see* Compl., ECF No. 1, at 2), but whatever merit such a claim may have, it is inapplicable to the instant dispute. Brandon has not alleged that Majestic acted under the color of state law, and as a general matter, it is presumed that private parties are not acting under the color of state law for purposes of §1983. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999); *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law.").

329). Brandon also discusses a protective order that Majestic obtained against him in the Las Vegas Justice Court. (*See, e.g.*, *id.* at 12:473, 24:977).

## II.   LEGAL STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows for a motion to dismiss based on lack of subject-matter jurisdiction. It is axiomatic that federal courts are "courts of limited jurisdiction" and possess only that power authorized by the Constitution or statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted). Indeed, it is "presumed that a cause lies outside this limited jurisdiction," and the burden of establishing the contrary is on the party asserting jurisdiction. *Id.* Limitations on the court's jurisdiction must neither be disregarded nor evaded. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The court is obligated to determine whether it has subject-matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Pursuant to 28 U.S.C. § 1331, a federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). Because a defense is not part of a plaintiff's properly pleaded claim, *see*

*Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987), jurisdiction may not properly be based on an anticipated defense created by federal law, *see Franchise Tax Bd.*, 463 U.S. at 14.

Original jurisdiction may also be established pursuant to 28 U.S.C. § 1332. Under § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between "citizens of different states."[5] Section 1332(a) requires "complete diversity of citizenship," meaning that "the citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996). For an individual person, citizenship for diversity purposes requires that the person (a) be a citizen of the United States, and (b) be domiciled in a state of the United States. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Von Kennel Gaudin v. Remis*, 379 F.3d 631, 636 (9th Cir. 2004), "[F]or purposes of diversity, residence and citizenship are not the same thing." *Seven Resorts v. Cantlen*, 57 F.3d 771, 774 (9th Cir. 1995) (quoting *Mantin v. Broadcast Music*, 244 F.2d 204, 206 (9th Cir. 1957) (internal quotation marks omitted). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Where, as here, "entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). For example, "[a] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28

---

[5] Diversity of citizenship may be established on other grounds that are not relevant here. *See* 28 U.S.C. § 1332.

U.S.C. § 1332(c)(1). In contrast, an unincorporated association, such as a partnership, has the same citizenship as each of its members or partners. *Johnson*, 437 F.3d at 899 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)). "[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Id.*

### III.   ANALYSIS

The instant complaint does not present a federal question. It neither references a single federal statue, other than Title II of the ADA, which is obviously inapplicable, nor sets forth a series of facts that could form the basis for a cognizable federal action. While Brandon's allegations are difficult to follow, it is clear that the thrust of his lawsuit is his dissatisfaction with mental health services. Whether his single cause of action,[6] titled "medical negligence" sounds in tort, breach of contract, or some other theory, Brandon has failed to plead a claim that arises under federal law or requires the resolution of a substantial federal question. Brandon's attempt to assert a claim under the False Claims Act, 31 U.S.C. § 3729 et seq., for the first time in his opposition to the instant motion is unavailing. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," meaning that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392.

Furthermore, even if the Court could consider Brandon's FCA theory, Brandon has failed to comply with the FCA's jurisdictional requirements. Indeed, to the extent that Brandon attempts to rely on the FCA's qui tam provisions, which is somewhat unclear,[7] he has to failed

---

[6] While Brandon lists only one cause of action, it is unclear from the nearly unintelligible corresponding text whether he intends to assert additional state-law claims for relief. (*See generally* Compl. ECF No. 1, at 3).
[7] Brandon also implies that he is a "whistleblower" under 31 U.S.C. § 3730(h), (Opp'n to Mot. Dismiss., ECF No. 36, at 5), but this is clearly not the case.

bring the instant action in the name of the government. *See* 31 U.S.C. §3730(b)(1).The qui tam provisions "encourage private parties who are aware of fraud against the government to sue for a civil penalty on behalf of the government. If the government intervenes and the action is successful, such parties will share in up to 25% of the government's recovery." *Campbell v. Redding Med. Ctr.*, 421 F.3d 817, 820 (9th Cir. 2005) (citing 31 U.S.C. §3730) (internal citations omitted). Specifically,

> A private party, referred to as the 'relator,' may bring a civil action in the name of the government to recover damages against a person who has defrauded the government. *Id.* § 3730(b)(1). The complaint is filed under seal. *Id.* § 3730(b)(2). A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses is served on the government. *Id.* Within 60 days, the government must elect to either proceed with the action itself, or notify the court that it declines to take over the action, in which case the relator has the right to pursue the action. *Id.* § 3730(b)(4).

*Campbell*, 421 F.3d 817, 820 (internal quotation marks omitted). Because Brandon has not satisfied these jurisdictional prerequisites, his claim cannot proceed, and the Court cannot entertain it.

      The Court likewise lacks diversity jurisdiction under 28 U.S.C. §1332. While Brandon has failed, insofar as the Court can tell, to affirmatively plead his state of citizenship, which itself may preclude the exercise of diversity jurisdiction, *Kokkonen*, 511 U.S. at 377 (The burden of establishing jurisdiction rests upon the party asserting jurisdiction), the contact information listed on his complaint includes a Nevada address, (Compl., ECF No. 1, at 1:1–4), and nothing in the record suggests citizenship in any other state. Majestic is an LLC and is therefore a citizen of every state in which its members are citizens. *Johnson*, 437 F.3d at 899. The Parties agree that at least one of Majestic's members is a Nevada citizen. (*See* Compl., ECF No. 1, at 3:64–65; Montgomery Decl. ECF No. 9, at 9). Accordingly, the Court finds that complete diversity is

lacking, and Majestic's Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction is therefore granted.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's motion to dismiss for lack of subject-matter jurisdiction (ECF No. 9) is GRANTED.

IT IS FURTHER ORDERED that the remaining motions (ECF Nos. 5, 8, 15, 20, and 22) are DENIED as MOOT.

It IS FURTHER ORDERED that the complaint (ECF No. 1) is DISMISSED, and the Clerk of the Court shall close the case.

Dated:  March 24, 2014

_____
ROBERT C. JONES
United States District Judge